UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANA LYNN GRAY,

      Plaintiff,

v.                                        Case No:  2:17-cv-529-FtM-29PRL

COMMISSIONER    OF    SOCIAL
SECURITY,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter is before the Court on consideration of a Report
and Recommendation (Doc. #27), filed on February 1, 2019,
recommending that the Decision of the Commissioner be affirmed.
Plaintiff filed an Objection to the Report and Recommendation (Doc.
#28) on February 15, 2019.  The Commissioner filed a Response
(Doc. #29) on February 27, 2019.  For the reasons set forth below,
the objections are overruled, the Report and Recommendation is
accepted and adopted, and the Decision of the Commissioner is
affirmed.

**I.**

At step one of the sequential evaluation process, the
Administrative Law Judge (ALJ) found that plaintiff has not engaged
in substantial gainful activity since the June 14, 2013 alleged
onset of disability date.  At step two, plaintiff was found to

have severe impairments including hepatitis C, chronic obstructive pulmonary disease (COPD), cirrhosis of the liver, a history of alcohol dependence, depression, and anxiety. At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ found that plaintiff had the residual functional capacity to perform a less-than-full range of light work. The ALJ found:

> The claimant could lift/carry twenty pounds occasionally and ten pounds frequently; sit six of eight hours, two hours at a time; and stand/walk six of eight hours a day, two hours at a time. She could occasionally reach overhead and she could frequently (not continuously/repetitively) reach in other directions and frequently push/pull. The claimant could frequently operate foot controls. She should never climb ladders/scaffolds nor work at unprotected heights; she could occasionally climb ramp/stairs, kneel, crouch, and crawl. She could frequently balance and stoop. She could occasionally tolerate exposure to moving mechanical parts, to operate a motor vehicle, to work in humidity/wetness, to work in dust, odors, fumes and pulmonary irritants, to work in extreme cold/heat; and to work with vibrations. She could tolerate loud (heavy traffic) noise (Ex. 30F). Secondary to mental impairments, the claimant could understand, remember, and carry out instructions for unskilled and some semi-skilled work. She could sustain attention and concentration for at least two-hour segments in an eight-hour

day. The claimant could interact appropriately
with others. She could adapt to usual work
situations and changes for unskilled and semi-
skilled work setting. She should avoid fast
paced or high production goal work.

(Doc. #14-2, Tr. 25.)

At step 4, the ALJ found plaintiff was capable of performing
her past relevant work as a customer service representative, sewer,
office helper and order filler.  The ALJ nonetheless continued
with the evaluation process, and found alternatively at Step 5,
based upon the testimony of a vocational expert, that plaintiff
could perform other jobs existing in the national economy,
including file clerk, mailer, route delivery clerk, and general
clerk.   The ALJ found that plaintiff had not been under a
disability from the alleged onset date to the date of the Decision.

**II.**

In the district court, plaintiff raises five issues:   (1)
whether the ALJ erred in considering the opinions of two
consultative examiners; (2) whether the ALJ erred in setting
functional limitations due to plaintiff's mental impairments in
terms of skill or Specific Vocational Preparation (SVP) levels
rather than General Educational Development (GED) levels; (3)
whether the ALJ improperly classified plaintiff's past work as
eight separate jobs rather than two composite jobs; (4) whether
the ALJ erred in finding plaintiff could perform other work in the

national economy given that the jobs identified were semi-skilled; and (5) whether the ALJ erred by failing to include the limitation to a supportive non-confrontational environment in the residual functional capacity determination.

As to each issue, the magistrate judge found that the ALJ's decision was supported by substantial evidence and there were no legal errors.  Plaintiff objects to all such findings.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59).    Even if the evidence

preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation, and therefore adopts each. Plaintiff's objections are overruled.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #27) is **accepted and adopted** by the Court.

2. Plaintiff's Objection (Doc. #28) is **OVERRULED**.

3. The Decision of the Commissioner of Social Security is **affirmed**.

4.    The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this   14th   day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Philip R. Lammens
U.S. Magistrate Judge

Counsel of Record